**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 25 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY HOBSON KING,

       Petitioner - Appellant,

vs.

RON WARD; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

       Respondents - Appellees.

No. 98-7163
(D.C. No. CV-96-682-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Petitioner-Appellant Jerry Hobson King, an inmate appearing pro se, seeks

to appeal the district court's dismissal of his petition for a writ of habeas corpus

filed pursuant to 28 U.S.C. § 2254. The district court, adopting the magistrate

judge's Report and Recommendation, dismissed Mr. King's petition because he

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

was not "in custody" for purposes of reviewing his conviction and because, in the alternative, he has failed to exhaust state court remedies are required by 28 U.S.C. § 2254(b)(1)(A). Mr. King appeals and requests a certificate of appealability. We deny Mr. King's request for a COA and dismiss the appeal. We do not need to reach the question of whether Mr. King is "in custody." Under 28 U.S.C. § 2254(b)(1)(A), a habeas corpus petitioner generally must exhaust state court remedies prior to filing such a petition with the federal court. A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992). The state will not waive exhaustion, nor has Mr. King demonstrated it. Therefore, we DENY Mr. King's request for a certificate of appealability and DISMISS his appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge